UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT CITIZENS DEFENSE LEAGUE, INC, et al. | : : : | Case No. 3:21-cv-01156 (JAM) |
| Plaintiffs, | : : | |
| V. | : : | |
| JASON THODY, et al. | : : | |
| Defendants. | : | December 17, 2022 |

MEMORANDUM OF LAW IN SUPPORT OF
CHIEF REBECA GARCIA'S MOTION TO DISMISS FOR MOOTNESS

Chief Rebeca Garcia respectfully requests, under 12(b)(1), the Court to dismiss the action brought against her for lack of subject matter jurisdiction.

On November 17, 2021, the plaintiff Ms. Cordero was granted a temporary carry permit by the Bridgeport Police Department. On December 7, 2021, she was granted a permanent State carry permit.

There is no long a case or controversy for the Court to decide,[1] and as a result, the Court lacks subject matter jurisdiction.

**DISCUSSION:**

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975).

To invoke the jurisdiction of a federal court, a litigant must have suffered, or be

---

[1] Chief Garcia has previously filed a motion to dismiss the claims brought against her in her individual capacity based on qualified immunity. Chief Garcia has previously moved to dismiss the claims brought by the CCDL based on lack of organizational standing.

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision, *Allen v. Wright,* 468 U.S. 737, 750–751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471–473, 102 S.Ct. 752, 757–59, 70 L.Ed.2d 700 (1982). Here, there is no longer any injury to be addressed. Ms. Cordero has her carry permit.

> In *Lewis v. Cont'l Bank Corp.*, the Supreme court stated, that:
>
> To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the *478 Court of Appeals. *Deakins, supra,* 484 U.S., at 199, 108 S.Ct., at 528; **1254 *Steffel v. Thompson,* 415 U.S. 452, 459, n. 10, 94 S.Ct. 1209, 1216, n. 10, 39 L.Ed.2d 505 (1974). The parties must continue to have a " 'personal stake in the outcome' " of the lawsuit, *Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (quoting *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)).

494 U.S. 472, 477–78 (1990).

The "'mootness doctrine ensures that [a] litigant's interest in the outcome continues to exist throughout the life of the lawsuit, 'If, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness.' A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[2]

Ms. Cordero no longer has a stake in the outcome, because she now has her carry permit; therefore, Ms. Cordero's claims should respectfully be dismissed.

---

[2] *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) (citations omitted).

RESPECTFULLY SUBMITTED

CHIEF REBECA GARCIA

/s/ Raymond J. Rigat, Esq.
By:_____
Raymond J. Rigat, Esq.,
Federal Bar No. ct13320
The Rigat Law Firm
23 East Main Street
Clinton, Connecticut  06413
Tel. (860) 664-5951
Email: raymondjrigat@gmail.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically and served by regular U.S. Mail on anyone unable to accept electronic filing on December 17, 2021. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Raymond J. Rigat, Esq.
_____

Raymond J. Rigat, Esq.